UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOSEPH GIACCHI,

                       Plaintiff,

     v.                                            1:10-cv-0118

COMMISSION OF SOCIAL SECURITY,

                       Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## **DECISION and ORDER**

Plaintiff Joseph Giacchi commenced the instant action seeking review of the denial of certain benefits and also asserting claims pursuant to the New York Human Rights Law alleging that he was discriminated against on account of his disability.  Presently before the Court is Defendant's motion to dismiss for lack of subject matter jurisdiction.  Plaintiff has failed to oppose the motion.

Upon reviewing the Complaint, the Court finds that it fails to specify sufficient facts to state a claim.  The Complaint does not specify what benefits he was seeking, when he was denied any such benefits, whether he sought reconsideration of any denial, or whether he appealed any denial.  To the extent Plaintiff asserts a claim under the New York Human Rights Law, the Complaint fails to assert facts that he was employed by the Commission of Social Security or how he was discriminated against.  Accordingly, he fails to specify sufficient facts to state a claim for relief.

To the extent Plaintiff seeks judicial review of the denial of any benefits, the Court lacks subject matter jurisdiction because Plaintiff did not exhaust his administrative remedies before commencing this action.

> Judicial review of Social Security benefit determinations is circumscribed by the Act. See 42 U.S.C. §§ 405(g)-(h). Specifically, section 405(g) permits judicial review of the Department's action only after a "final decision of the Secretary made after a hearing." 42 U.S.C. § 405(g). The Secretary renders a "final decision" after a benefit claimant receives an initial determination of his right to benefits by the regional SSA office, asks that office to reconsider its determination, requests a hearing before an administrative law judge (ALJ) and requests Appeals Council review of the ALJ's decision. See 20 C.F.R. § 404.900(a)(1)-(4). The Secretary's "final decision" is a prerequisite to subject matter jurisdiction in the district court and consists of two components, a presentment requirement and an exhaustion requirement.

Ryan v. Bentsen, 12 F.3d 245, 247 (D.C. Cir. 1993); see also Ostrovsky v. Massanari, 83 Fed. Appx. 354 (2d Cir. 2003). Here, there is no indication that Plaintiff completed the above-referenced processes. Further, Plaintiff has not asserted any grounds permitting waiver of the exhaustion requirement.

Accordingly, the Complaint fails to state a claim and the Court otherwise lacks subject matter jurisdiction. Defendant's motion to dismiss is, therefore, GRANTED and the Complaint is DISMISSED.

IT IS SO ORDERED.

Dated: September 10, 2010

_Thomas J. McAvoy_
Thomas J. McAvoy
Senior, U.S. District Judge